IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN J. CAWTHON, JR.,
      Petitioner,

vs.                                  Case No.:  3:03cv565/RV/EMT

JAMES CROSBY,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an answer, including relevant portions of the state court record (Docs. 24, 11).  Petitioner filed a reply (Doc. 33).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D.Fla. Loc. R. 72.2(b).  After a careful review of the state court proceedings and consideration of all issues raised by Petitioner, it is the opinion of the undersigned that an evidentiary hearing is not required for disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND

Petitioner was charged with one count of sexual battery on a chid less than twelve years of age and one count of lewd and lascivious assault on a child.  On December 6-7, 1999, a jury trial was conducted in the Circuit Court for Escambia County, Florida (Doc. 11, Ex. B).  On the second day of trial, Petitioner entered a "straight up" plea of nolo contendere to the lewd and lascivious assault charge (Doc. 11, Ex. A, Ex. C at 310-16).  The jury found Petitioner guilty on the sexual battery charge (Doc. 11, Ex. A).  The same day, Petitioner was sentenced to life imprisonment

without parole on the sexual battery count and a concurrent term of eighty-five (85) months of incarceration on the lewd and lascivious assault count (*id.*).

Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals ("First DCA").  On August 3, 2001, the First DCA affirmed the conviction per curiam without opinion, with the mandate issuing August 21, 2001 (*id.*, Ex. C).  Cawthon v. State, 793 So.2d 931 (Table) (Fla. 1st DCA Aug. 3, 2001).  Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On December 10, 2001, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in the Escambia County Circuit Court (*id.*, Ex. D). The trial court denied the motion in a written decision rendered on April 15, 2002 (*id.*, Ex. E). Petitioner appealed the denial to the First DCA, and the appellate court affirmed the decision on February 24, 2003, with the mandate issuing March 24, 2003 (*id.*, Ex. F).  Cawthon v. State, 840 So.2d 226 (Table) (Fla. 1st DCA Feb. 24, 2003).

Petitioner filed the instant habeas action on December 9, 2003 (Doc. 1 at 7).  He challenges his conviction on the several grounds of ineffective assistance of counsel.  The court previously ruled that the petition is timely (Doc. 20).  Respondent acknowledges that Petitioner exhausted his available state court remedies.

II.    STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States."  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.

Section 2254 now provides:

 (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

  (1) resulted in a decision that was contrary to, or involved an

                    unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[1]  The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id., 529 U.S. at 412-13; Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." § 2254(e)(1); see  Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003); Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001),

---

[1]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-375, 390-399, 120 S.Ct. at 1499-1503, 1511-1516); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and --except as to the footnote – Scalia) in part II (529 U.S. at 403-413, 120 S.Ct. at 1518-1523).  The opinion of Justice Stevens in Part II was joined by Souter, Ginsburg, and Breyer.

*cert. denied*, 535 U.S. 1104, 122 S.Ct. 2310, 152 L.Ed.2d 1065 (2002) (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835-36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Although Williams set forth the Supreme Court's interpretation of § 2254(d)(1), not § 2254(d)(2), the Court subsequently enunciated the § 2254(d)(2) standard:

> Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2); see also Williams, 529 U.S. at 399, 120 S.Ct. 1495 (opinion of O'CONNOR, J.).

Miller-El, 537 U.S. 322, 123 S.Ct. at 1041 (dicta).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343-45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate, 261 F.3d at 1216 (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404-06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the

"contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." <u>Fugate</u>, 261 F.3d at 1216.  Likewise, if the facts of the Supreme Court cases and the petitioner's case are <u>not</u> substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." *Id.* (citing and quoting <u>Williams</u>, 529 U.S. at 406).  A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." <u>Early v. Packer</u>, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams</u>, 529 U.S. at 410.  The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" <u>Bell v. Cone</u>, 535 U.S. 685, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (quoting <u>Williams</u>, 529 U.S. at 411).  Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).  A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that that [the state court] judgment is infected by constitutional error." <u>Williams</u>, 529 U.S. at 389.  "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004) (citation omitted).  Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this Court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. <u>Van Poyck v. Fla. Dep't of Corrections</u>, 290 F.3d 1318, 1322 n. 4 (11th Cir. 2002).

Within this framework, the court will review Petitioner's claims.

III.    PETITIONER'S CLAIMS

Petitioner essentially raises two claims of ineffective assistance of counsel:  (1) counsel performed deficiently in seeking to exclude hearsay statements by the child victim, and (2) counsel performed deficiently by failing to seek suppression of Petitioner's confession.  Petitioner contends he would not have pled nolo contendere to the lewd and lascivious assault charge if counsel had not committed the above-described errors.

A.    Clearly Established Supreme Court Law

The legal standard clearly established by the Supreme Court for ineffectiveness of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Fugate v. Head, 261 F.3d 1206, 1216-17 (11th Cir. 2001); Wellington v. Moore, 314 F.3d 1256,  1260 (11th Cir. 2002) (both citing Williams v. Taylor and Strickland).  The two components of an ineffectiveness claim under Strickland are performance and prejudice, and if an insufficient showing is made as to one, the court need not address the other.  Strickland, 466 U.S. at 697, 104 S.Ct. at 2069; Wellington, 314 F.3d at 1260.  In assessing performance, the court considers whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 686, 104 S.Ct. at 2064.  "The court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  466 U.S. at 690, 104 S.Ct. at 2066. Petitioner must show that "no competent counsel would have taken the action that his counsel did take."  Fugate, 261 F.3d at 1217 (citation omitted).

Indeed, the Strickland court recognized that "[e]ven the best criminal defense attorneys would not defend the same petitioner in the same way."  466 U.S. at 689, 104 S.Ct. at 2065.  Matters of trial strategy and tactics, unless plainly not within the bounds of reasonableness, and even if unsuccessful, do not constitute ineffective assistance.  Bell v. Evatt, 72 F.2d 421 (4th Cir. 1995).

> Trying cases is no exact science.  And as a result, we must never delude ourselves that the fair review of a trial lawyer's judgment and performance is an activity that calls for great precision or for a categorical approach.  When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate."  Atkins v. Singletary, 965 F. 2d 952, 958 (11th Cir. 1992).  And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy."  Devier v. Zant, 3 F. 3d 1445, 1450 (11th Cir. 1993).  Even if many reasonable lawyers would not

have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it can be shown that no reasonable lawyer, in the circumstances would have done so.

Rogers v. Zant, 13 F. 3d 384, 386 (11ᵗʰ Cir. 1994); Grayson v. Thompson, 257 F.3d 1194, 1216 (11ᵗʰ Cir. 2001) (to show counsel's performance was unreasonable, defendant must establish no competent counsel would have taken the action that his counsel did take).

Indeed, counsel's strategic and tactical decisions on which defense to pursue are "virtually unchallengeable." Provenzano v. Singletary, 148 F.3d 1327, 1332 (11ᵗʰ Cir. 1998) (quoting Strickland). But not every strategic decision passes constitutional muster. Whether a particular decision by counsel was a tactical one is a question of fact, Hardwick v. Crosby, 320 F.3d 1127, 1163 (11ᵗʰ Cir. 2003), and the state court's resolution of that issue enjoys a strong presumption of correctness. See 28 U.S.C. § 2254(e)(1); Jackson v. Herring, 42 F.3d 1350, 1367 (11ᵗʰ Cir. 1995); Horton v. Zant, 941 F.2d 1449, 1462 (11ᵗʰ Cir. 1991). Whether a particular tactical decision was a reasonable one, however, is a question of law, Hardwick 320 F.3d at 1163; Jackson, 42 F.3d at 1367; Horton, 941 F.2d at 1462. In determining whether counsel's decision was reasonable, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. Wellington, 314 F.3d at 1260. The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693, 104 S.Ct. at 2067). However, the Court has also clarified that a petitioner need not demonstrate it 'more likely than not, or prove by a preponderance of evidence,' that counsel's errors affected the outcome. Strickland, 466 U.S. at 693-94, 104 S.Ct. at 2068. Instead,

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694, 104 S.Ct. at 2068.  Indeed, it would be "contrary to" the law clearly established in Strickland for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence.  Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519.

The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. Strickland, 466 U.S. at 694-95, 104 S.Ct. at 2068.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id.* at 695, 104 S.Ct. at 2068-69.

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.  Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways.  Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect.  Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.  Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors. . . . [T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.

*Id.* at 695-96, 104 S.Ct. at 2069.

    B.    Federal Review of State Court Decision

Petitioner presented all of his ineffective assistance claims in his Rule 3.850 motion.  In the state court's written decision denying Petitioner's motion, the court analyzed whether Petitioner's allegations of deficiency in counsel's performance were meritorious and whether Petitioner demonstrated he was prejudiced by the alleged errors.  Additionally, the court cited Strickland in its analysis of Petitioner's claims.  Because the state court explicitly identified and applied the two-prong Strickland standard, and the state court did not reach a decision different from the Supreme Court in a case with indistinguishable facts, Petitioner cannot show the state court decision was "contrary to" Strickland.  Therefore, he is entitled to federal habeas relief only if he establishes the state court's denial of his claims was objectively unreasonable.

    1.    Counsel Performed Deficiently in Seeking to Exclude
        Hearsay Statements by the Child Victim

Petitioner claims he received ineffective assistance of counsel at a pre-trial hearing to determine the admissibility of hearsay statements of the child victim.  First, he contends counsel performed deficiently by failing to make the following arguments at the hearing to determine the admissibility of hearsay statements of the child witness:  (1) the statements were unreliable due to the young age of the child; (2) the statements were unreliable because the child initially made her statements after hearing her mother tell a pediatrician and a psychologist that she suspected the child had been abused, thus planting the thought in the child's mind that she had in fact been abused; (3) the statements were unreliable because the child made the statements after having been previously interrogated by the psychologist about the possibility that she was abused which, combined with the mother's assertions of her suspicions, implanted the idea in the child's mind that her mother wanted her to say that someone had hurt her; and (4) the child's statement that Jakie hurt her on her heinie was unreliable because it was vague in that there was no clarification that the pain was caused by abuse or simply a diaper change.

Second, Petitioner claims that his counsel was ineffective for failing to call the child as a witness at the hearing.  Petitioner contends if the child had been called to testify, it would have been apparent that the child did not have a good grasp of the difference between truth and falsehood, or the difference between reality and fantasy, because this was the basis for the court's later conclusion that the child was unavailable to testify at trial.

Third, Petitioner claims that his counsel performed deficiently by failing to request that the trial court reconsider its prior ruling that the child's hearsay statements were admissible, on the ground that the evidence at the hearing to determine the availability of the child to testify at trial demonstrated the unreliability of the child's statements.

    a.  Failure to make specific arguments at hearing
      to determine admissibility of hearsay statements

The state court denied Petitioner's claim that counsel performed deficiently at the hearing to determine the admissibility of the child victim's hearsay statements on the ground that the transcript of the hearing showed that counsel provided relevant case law in support of his position

that the evidence was inadmissible (*see* Doc. 11, Ex. E at 13).[2]  Additionally, the state court made the following factual findings:

> The [trial] Court made its ruling on November 11, 1999, specifically finding that the victim's statements were reliable in spite of age based on the testimony and evidence.[FN 6]  Any argument by counsel to the contrary would not have changed that finding.  Similarly, the Court made a specific finding that the victim's mother went to extraordinary measures not to influence the child and that the child's statements were spontaneous.[FN 7]  Again, any contrary argument by counsel would not have altered that finding.  Finally, the victim's statement that "Jakey hurt (her) hiney" alone might be considered too vague; however, Defendant neglects to mention that the victim patted her vaginal region when making the statement, simultaneously inserted her finger in her mouth and moved it back and forth, and indicated that Defendant used his "other finger" or his penis.[FN 8]  This statement is fully corroborated by Defendant's statement to law enforcement and on the witness stand that he rubbed his erect penis on the victim's vagina on at least twelve occasions while changing the child's diaper.  The victim's statement, when viewed in conjunction with other evidence, is not vague.

(*id*. at 13-14) (the footnotes are references to the transcripts of the hearing on the admissibility of the child's hearsay statements and Petitioner's trial).  Based upon these findings, the state court concluded Petitioner failed to establish he was prejudiced by his counsel's failure to make specific arguments regarding the admissibility of the child's hearsay statements (*id*. at 14).

Petitioner failed to offer clear and convincing evidence to rebut the state court's findings; therefore, the findings are presumed correct.  Furthermore, the findings are supported by the record; thus, Petitioner has failed to establish that the state court decision was based upon an unreasonable determination of the facts.  In light of the trial court's findings that the victim's statements were reliable despite her age, that the victim's mother went to extraordinary measures not to influence the child, and that the child's statements were spontaneous (*see* Doc. 11, Ex. E at 58-62), as well as the state court's finding that the victim's statement that Jakie hurt her heinie was accompanied by specific physical behavior and was fully corroborated by Petitioner's statement to law enforcement that he rubbed his erect penis on the victim's vagina on at least twelve occasions while changing the child's diaper, Petitioner has failed to demonstrate a reasonable probability that the specific arguments he suggests should have been made by counsel would have changed the trial court's

---

[2]References to the state court's decision denying Petitioner's Rule 3.850 motion are to the larger page numbers at the very bottom of the page.

ruling that the statements were reliable and admissible.  Therefore, the state court decision denying his claim was not unreasonable.

b.      Failure to call victim as witness at hearing

Petitioner contends counsel performed deficiently by failing to call the child victim as a witness at the hearing to determine the admissibility of her hearsay statements, because this would have demonstrated to the trial court that the victim did not have a firm grasp on the difference between truth and falsity.  The state court found as fact that the trial court determined that the victim was unavailable as a witness due to her inability to recall the incident which formed the basis of Petitioner's charges; therefore, any attempt by Petitioner's counsel to call the victim as a witness at the hearing would have been futile (*see* Doc. 11, Ex. E at 14).  The court further found that the three year-old victim's inability to explain the difference between the truth and a lie was more a product of the child's age and inability to articulate an explanation than an indication of a propensity to lie (*id*.).  Therefore, the state court denied the claim on the ground that Petitioner failed to establish he was prejudiced by counsel's alleged error.

Petitioner failed to offer clear and convincing evidence to rebut the state court's findings; therefore, the findings are presumed correct.  Furthermore, the findings are supported by the record; thus, Petitioner has failed to establish that the state court decision was based upon an unreasonable determination of the facts.  In light of the state court's findings that the victim was unable to recall most of her experiences as a one and a half year old child (*see* Doc. 11, Ex. B at 96), as well as the fact that the victim's inability to identify a statement as the truth or a lie was more a product of her age and inability to articulate an explanation than an indication of a propensity to lie (*id*. at 99-100), Petitioner has failed to establish a reasonable probability that the court would have determined that the child's hearsay statements were unreliable if counsel had called the child as a witness at the hearing.  Therefore, the state court's denial of Petitioner's claim was not unreasonable.

c.      Failure to request that trial court reconsider prior ruling regarding admissibility of child's hearsay statements

Petitioner next contends his counsel performed deficiently by failing to request that the trial court reconsider its ruling that the child's hearsay statements were admissible in light of the child's inability to define truth versus falsehood and the manner in which the child identified Petitioner as

person who hurt her (Petitioner alleges the child was persuaded by her mother and a psychologist to identify him).

In analyzing Petitioner's claim, the state court repeated its earlier finding that the trial court determined that the child's inability to articulate the difference between the truth and falsehood did not indicate a lack of trustworthiness, and that the child's statements were still reliable (Doc. 11, Ex. E at 14-15).  Regarding Petitioner's claim that counsel should have sought reconsideration of the admissibility ruling based upon the suggestive manner in which the child's mother and the psychologist elicited an identification of Petitioner as the perpetrator, the state court found that the evidence adduced at trial was that the psychologist had difficulty getting the child to communicate with him, therefore, he drafted questions for the victim's mother to read to the child (*id*. at 15).  The psychologist further testified that when he asked the child victim who hurt her, the child "almost immediately" whispered "Jakey," <u>then</u> the child's mother read a list of possible perpetrators (*id*.). Considering this evidence and the corroborating evidence of Petitioner's confession, the court concluded there was no reasonable probability that the trial court would have changed its ruling on the admissibility of the child's hearsay statements if Petitioner's counsel had requested reconsideration of the ruling (*id*.).

Petitioner failed to offer clear and convincing evidence to rebut the state court's findings; therefore, the findings are presumed correct.  Furthermore, the findings are supported by the record; thus, Petitioner has failed to establish that the state court decision was based upon an unreasonable determination of the facts.  Review of the transcript of the pre-trial hearing on the issue of the child's availability to testify shows that the child's responses to questions by the trial court and Petitioner's counsel did not support an argument that the victim was untrustworthy or that she was influenced by her mother and the psychologist to identify Petitioner as the perpetrator (*see* Doc. 11, Ex. B at 88-100).  In light of the state court's factual findings, as well as the evidence in the record, Petitioner failed to establish that counsel's failure to seek reconsideration of the trial court's order admitting the hearsay statements was unreasonable.  Furthermore, Petitioner has failed to establish a reasonable probability that the trial court would have changed its ruling regarding the admissibility of the statements if Petitioner's counsel had made a motion for reconsideration.  Accordingly, the state court's decision denying Petitioner's claim was not unreasonable.

2.      Counsel Performed Deficiently by Failing to Move to
        Suppress Petitioner's Confession

Petitioner next claims that his counsel was ineffective for failing to seek suppression of his confession on the following grounds:  (1) although the police officer who obtained Petitioner's confession gave Petitioner a <u>Miranda</u> warning prior to the interrogation, Petitioner was misled as to whether he needed to speak with an attorney by the officer's prior statement that Petitioner did not need an attorney, and (2) the confession was coerced by the police officer's threats that Petitioner would be arrested and jailed if he did not cooperate and the officer's "hostile and threatening" demeanor.  Petitioner contends if his counsel had made these arguments, the court would have granted a motion to suppress.

Petitioner additionally claims that this counsel performed deficiently in objecting to the admission of Petitioner's confession because counsel failed to argue that: (1) the child's statement that Jakie hurt her on her heinie could have meant that Petitioner hurt the child by changing her diaper because the child's diaper area was sensitive due to a urinary tract infection, and (2) the child's statement did not establish penetration or oral or penile contact, which is an essential element of sexual battery.

a.      Failure to file motion to suppress confession

Petitioner claims that his counsel was ineffective for failing to seek suppression of his confession on the grounds that despite the fact that the police officer who obtained Petitioner's confession gave Petitioner a <u>Miranda</u> warning prior to the interrogation, Petitioner was misled as to whether he needed to speak with an attorney by the interrogating officer's prior statement that Petitioner did not need an attorney.  Petitioner additionally contends his confession was coerced by the police officer's "hostile and threatening" demeanor and threats that Petitioner would be arrested and jailed if he did not cooperate.

The state court found that Petitioner's counsel made a tactical decision not to file a motion to suppress based on his opinion that there was no meritorious basis for a motion (Doc. 11, Ex. E at 16).  The state court concluded that counsel's decision was reasonable in light of "the complete lack of evidence" that Defendant's confession was coerced (*id*.).

 The transcript of the Petitioner's trial contains a specific statement by Petitioner's counsel that he examined the facts and case law concerning the suppression issue and determined that there

was not a meritorious basis for a motion to suppress; therefore, counsel decided not to file a motion and instead argue the issue of coercion to the jury (*see* Doc. 11, Ex. E, Attach. 1 at 30-31). Because the state court made the factual finding that counsel's decision not to file a motion to suppress was a tactical one, it is presumed to be tactical but should be evaluated as to whether it was a reasonable choice.

> The law regarding the voluntariness of confessions is well settled:
>
> The focus of the voluntariness inquiry is on whether the defendant was coerced by the government into making the statement:  "The relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception."  Colorado v. Connelly, 479 U.S. 157, 170, 107 S.Ct. 515, 523, 93 L.Ed.2d 473 (1986) (citation omitted).  The district court must consider the totality of the circumstances in assessing whether police conduct was "causally related" to the confession.  Miller v. Dugger, 838 F.2d 1530, 1536 (11th Cir. 1988). Sufficiently coercive conduct normally involves subjecting the accused to an exhaustingly long interrogation, the application of physical force or the threat to do so, or the making of a promise that induces a confession. *See* Colorado, 479 U.S. at 163 n. 1, 107 S.Ct. at 520 n. 1; Miller, 838 F.2d at 1536; United States v. Castaneda-Castaneda, 729 F.2d 1360, 1362-63 (11th Cir.1984). Isolated incidents of police deception, *see* Castaneda-Castaneda, 729 F.2d at 1362-63; Frazier v. Cupp, 394 U.S. 731, 739, 89 S.Ct. 1420, 1424-25, 22 L.Ed.2d 684 (1969), and discussions of realistic penalties for cooperative and non-cooperative defendants, *see* United States v. Nash, 910 F.2d 749, 753 (11th Cir.1990), are normally insufficient to preclude free choice.

United States v. Mendoza-Cecelia, 963 F.2d 1467, 1475 (11th Cir. 1992); *abrogated on other grounds*, Coleman v. Singletary, 30 F.3d 1420 (11th Cir. 1994).

In the instant case, Petitioner concedes he was given a Miranda warning prior to his interrogation.  The fact that the interrogating officer exhibited a "hostile and threatening demeanor" and told Petitioner he would be arrested and jailed if he did not cooperate did not constitute coercion sufficient to render Petitioner's confession involuntary.  Additionally, the fact that prior to the Miranda warning and interrogation the officer told Petitioner that he did not believe Petitioner needed an attorney did not constitute the degree of deception sufficient to render Petitioner's statements involuntary.  Therefore, Petitioner has failed to demonstrate that his attorney's tactical decision not to file a motion to suppress was unreasonable.  Additionally, he has failed to show a reasonable probability that the trial court would have granted a motion to suppress if counsel had made one.

In a related claim, Petitioner contends his counsel was ineffective in objecting to the admission of Petitioner's confession. Petitioner states his counsel should have argued the absence of *corpus delecti* to support admission of the confession. Specifically counsel should have argued that the child's statement that Jakie hurt her on her heinie could have meant that Petitioner hurt the child by changing her diaper because the child's diaper area was sensitive due to a urinary tract infection. Additionally, Petitioner contends, counsel should have argued that the child's statement did not establish penetration or oral or penile contact, which is an essential element of sexual battery.

The state court found as fact that Petitioner's counsel made a standing objection to the admission of Defendant's confession on the ground that the State failed to prove the *corpus delecti* of the offenses of sexual battery and lewd and lascivious assault. Indeed, the trial transcript shows that counsel made a standing objection to admission of the confession on the ground that there was no independent evidence that a crime occurred (*see* Doc. 11, Ex. E, Attach. 1 at 22-25). Counsel argued that there was no evidence that the child's hymen or anus was torn; that the two pediatricians who conducted physical examinations of the victim could not say whether the child was abused; that the child did not initially state Petitioner abused her, but did so only when specifically asked, "Did anyone hurt you"; that the child volunteered, "Grandpa Jake hurt me too," presumably referring to Petitioner's father; and that twice in the presence of the child the child's mother expressed suspicion about the fact that the child seemed to contract urinary tract infections when she was exposed to Petitioner (*id*. at 22-24).

The evidence at trial included the child's statement to her mother during a car ride that Jakie hurt her (*see* Doc. 11, Ex. B at 156), and in the child psychologist's office when the mother asked where he hurt her, the child bent over and patted her vaginal area (*id*. at 154-55). The mother testified that when she asked the child what he hurt her with, the child stated, "the other finger," however the mother had the impression that the child was not referring to the fingers on a hand (*id*. at 156-57). Dr. Lott, a psychologist, testified that during his third meeting with the child, at his direction the child's mother asked the child if anyone had ever hurt her (*id*. at 196-97). The child almost immediately whispered that Jakie did (*id*. at 197). When the mother asked her where she was hurt, and the child pointed to her bottom (*id*.). The mother said, "On your heinie," to confirm what

the child said, and at that point, the child put her hand between her legs and grabbed herself in the vaginal area, and at the same time inserted her finger in her mouth and moved it back and forth (*id.*).

In light of the evidence presented by the State prior to admission of Petitioner's confession, Petitioner has failed to establish that his counsel performed deficiently in arguing his objection to admission of the confession. Furthermore, Petitioner has failed to show a reasonable probability that the trial court would have excluded the confession if counsel had argued the specific grounds suggested by Petitioner. Therefore, Petitioner has failed to establish that the state court's decision was unreasonable.

As a final argument, Petitioner appears to challenge the voluntariness of his nolo contendere plea to the lewd and lascivious assault charge on the ground that he would not have entered the plea if counsel had not performed in a constitutionally deficient manner, as described *supra*. Because Petitioner failed to establish he received ineffective assistance of counsel, the challenge to his plea also fails.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola this 24<u>th</u> day of October 2005.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES DISTRICT JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**